142-08/ROSS
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
EMARAT MARITIME LLC
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Fax: (212) 425-1901
James L. Ross (JR 6411)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EMARAT MARITIME, LLC,

      Plaintiff,

      -against-

BULK MARINE LTD. BVI a/k/a BULK
MARINE LTD., HONG KONG a/k/a
BULK MARINE HONG KONG,

      Defendant.
-----------------------------------------------------------x

08 CV 5060 (MGC)

**AMENDED VERIFIED
COMPLAINT**

Plaintiff EMARAT MARITIME LLC ("EMARAT"), through its attorneys FREEHILL HOGAN & MAHAR, LLP, as and for its Amended Verified Complaint against Defendant BULK MARINE LTD. BVI a/k/a BULK MARINE LTD., HONG KONG a/k/a BULK MARINE HONG KONG (hereinafter collectively called "BML"), alleges upon information and belief as follows:

### JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract by Defendant BML. The case also falls within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et*

NYDOCS1/304590.1

*seq.* and/or the Arbitration Act, 9 U.S.C. §1 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

## THE PARTIES

2. At all times relevant hereto, EMARAT was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Sharaf Building, Mina Road, P.O. Box 25859, Dubai, United Arab Emirates.

3. At all times relevant hereto, BML was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office at Rm. 807-808 8/F Town Place Asia Orient TWR, 33 Lockhart Rd., Wan Chai, Hong Kong Island, Hong Kong.

## FACTS

4. At all times relevant herein, EMARAT was the owner of the vessel DUBAI GALACTIC.

5. On January 22, 2008, EMARAT entered into a charter party agreement with BML employing the vessel DUBAI GALACTIC (hereinafter referred to as "VESSEL") for a 50-55 day trip from Long Kou, China to Escoumins, Canada range at a hire rate of $34,000 per day, if the cargo was discharged in the U.S. Gulf or $35,000 per day, if the cargo was discharged in Canada beyond Escoumins.

6. The charter party agreement with BML called for EMARAT to deliver the VESSEL to BML at Long Kou, China for loading in conjunction with the voyage to either the U.S. Gulf or Canada, at the option of BML.

7. BML repudiated the charter party by refusing to perform, which caused significant damages to EMARAT.

8.      As a result of BML's non-performance, repudiation and breach of its contractual obligations under the charter party, EMARAT had to enter into a substitute charter party agreement dated January 30, 2008, with JKI International ("JKI") at a lower daily hire rate. This resulted in a loss of $6,000 per day for 50 days or $300,000.

9.      Prior to entering into the substitute charter party agreement, the VESSEL sailed in ballast southbound to find its employment with JKI. In doing so, EMARAT lost close to one day of hire revenue resulting in a loss of $31,827.78.

10.     The VESSEL had to consume fuel for repositioning the VESSEL for the substitute voyage. The substitute voyage resulted in EMARAT having to purchase fuel at Pusan at a higher price than compared to that of Singapore, where the vessel would have refueled pursuant to the original charter party agreement with BML. As a direct result of the above, EMARAT incurred $57,041.70 in damages.

11.     EMARAT was unable to find employment of the vessel for a substituted voyage to the U.S. Gulf or Canada. The only substitute employment available to EMARAT was with JKI for a voyage to India. Consequently, EMARAT lost significant financial opportunity for the next employment of the VESSEL. Instead of having the vessel available for her next employment in the U.S. Gulf or Canada area under the original C/P, the vessel was redelivered in India under the charter party agreement with JKI. A 60 day return voyage from the U.S. Gulf to the Far East would have generated $28,232.14 per day revenue over and above what the vessel earned following the JKI C/P on a voyage from India. This resulted in a loss of $1,457,500.00 (i.e. 60 days @ $28,232.14 pr day).

12.     As a result of the breach of charter party by BML, EMARAT suffered the damages referred to in paragraphs 8 through 11, above, in the principal sum of $1,846,369.44.

13. Plaintiff EMARAT further seeks security for $361,162.04 in interest on the principle sum of $1,846,369.44 at the rate of 7.8% compounded quarterly from the date of the breach January 22, 2008, until a London arbitration award has been issued in two years, the estimated time it will take to obtain a final arbitration award, which interest is recoverable in arbitration under English law.

14. Estimated costs of the arbitration, including legal fees which are recoverable in arbitration under English law are in the amount of $305,122.36.

15. Pursuant to Clause 14 of the charter party agreement between EMARAT and BML, it was agreed that any disputes would be subject to arbitration in London and that English law would apply.

16. The London arbitration has been commenced.

## RULE B MARITIME ATTACHMENT

17. This action is brought in order to obtain security in favor of Plaintiff in respect to Plaintiff's claims against Defendant BML which are subject to arbitration in London pursuant to English law in accordance with the terms of the aforementioned charter party agreement with BML. This action is further brought to obtain security for any additional sums to cover Plaintiff's anticipated attorneys' fees and costs in the arbitration as well as interest, all of which are recoverable under English law.

18. Upon information and belief, and after investigation, Defendant BML cannot be "found" within this District for purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that BML has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, hire, of, belonging to, due

or for the benefit of BML (collectively referred to herein as "ASSETS"), including but not limited to ASSETS as may be held, received, or transferred in the BML's own name or as may be held, received or transferred for the benefit of BML, at, moving through, or within the possession, custody or control of banking institutions including but not limited to ABN Amro Bank N.V., American Express Bank Ltd., Bank of America, N.A., BNP Paribas, Citibank N.A., Deutsche Bank Trust Company, HSBC and HSBC Bank USA N.A., JP Morgan Chase, Société Générale, Standard Chartered, The Bank of New York, Wachovia Bank, and/or other institutions or such other garnishees to be named.

19. The total amount of Plaintiff's claim sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by EMARAT against Defendant includes:

Total of Principle Claims..................................$1,846,369.44

Interest...............................................................$ 361,162.04

Costs of London Arbitration............................ $ 305,122.36

$2,512,653.84

WHEREFORE, PLAINTIFF prays:

a. That process in due form of a law according to the practice of this Court issue against Defendant BML, citing them to appear and answer the foregoing, failing which a default will be taken against them, jointly and severally, for the total amount of **$2,512,653.84.**

b. That Defendant BML be compelled to respond in London arbitration;

c. That if Defendant BML cannot be found within this District pursuant to Supplemental Rule B that all tangible and intangible property and

ASSETS of Defendant BML up to and including the claim of **$2,512,653.84** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, of, belonging to, due or being transferred from or for the benefit of Defendant BML, including but not limited to such ASSETS as may be held, received, or transferred in its own name or as may be held, received or transferred for their benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to ABN Amro Bank, N.V., American Express Bank Ltd., Bank of America, N.A., BNP Paribas, Citibank N.A., Deutsche Bank Trust Company, HSBC and HSBC Bank USA N.A., JP Morgan Chase, Société Générale, Standard Chartered, The Bank of New York, Wachovia Bank, and/or other institutions or such other garnishees to be named;

d.  That Plaintiff has such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
July 2, 2008

>                FREEHILL HOGAN & MAHAR, LLP
>                Attorneys for Plaintiff
>                EMARAT MARITIME LLC
>
>          By: _____
>                James L. Ross (JR 6411)
>                80 Pine Street
>                New York, NY 10005
>                Telephone: (212) 425-1900
>                Facsimile: (212) 425-1901

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York  )

JAMES L. ROSS, being duly sworn, deposes and says as follows:

1. I am a member of the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Amended Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our client and documents provided by our client regarding the claims.

3. The reason this Verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
James L. Ross

Sworn to before me this
2nd day of July 2008

_____
Notary Public

Lisa M. Morales
Notary Public, State of New York
No. 01MO6162004
Qualified in the Bronx
Commission Expires Feb. 26, 2011

NYDOCS1/304590.1                                7